IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL S.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 4326 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's counsel, Meredith Marcus, seeks an attorney's fee award in the amount of $40,528.75 pursuant to 42 U.S.C. §406(b)(1). Ms. Marcus seeks a fee award of $40,528.75, of which she shall refund the EAJA fee in amount of $4,541.46 she has already received to plaintiff. The fee award sought represents the standard 25% of the total past due benefits plaintiff received, which were significant: $162,115. Under the statute, this court may award "a reasonable fee not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court noted that §406(b) specifically condones just the type of agreement Ms. Marcus had with her client in this case – as long as they don't exceed 25% – and employs them as a benchmark for an award. 535 U.S. at 802, 805. Such agreements are *de rigueur* in Social Security disability cases; without them, claimants would most likely not have access to representation. 535 U.S. at 803. As the Court said, "[g]iven the prevalence

---

[1] Northern District of Illinois Internal Operating Procedure 22 prohibits listing the full name of the Social Security applicant in an Opinion. Therefore, the plaintiff shall be listed using only their first name and the first initial of their last name.

of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." 535 U.S. at 805.

The Commissioner – who acts as something like a trustee for the claimant in these situations, *see Gisbrecht*, 535 U.S. at 798 n.6 – does not begrudge Ms. Marcus a fee award, but argues that $40,000 is too much. She contends that this amounts to an hourly rate of between $1600 and $1800. She calls it a windfall – something the court is charged with guarding against, *Gisbrecht*, 535 U.S. at 808. – and points out that it is about four times the median rate charged as found in a survey by the Illinois State Bar Association in 2014. But, as plaintiff's counsel submits, the effective hourly rate is a matter of perspective. Plaintiff is currently 51 years of age and the total potential award to him through age 67, based on his monthly payment start date of May, 2020, and monthly cash benefit amount of $2,330.00, will amount to over $419,440. Adding that to the past-due benefits means a potential lifetime benefit of about $581,515.00. The fee plaintiff's counsel is asking for comes to less than 7% of that figure. The most important consideration here is that counsel obtained an excellent result for plaintiff. *See Gisbrecht*, 535 U.S. at 808,

While the Commissioner insists that the Social Security bar generally makes too much of the risk factor in these case in the Northern District of Illinois, *see, e.g.,Dettloff v. Colvin,* No. 12 C 5700, 2015 WL 3855332, at *1 (N.D. Ill. June 22, 2015)[2], counsel did not beat that drum too heavily here. [Dkt. # 30, at 3]. On the other side of the coin, we note that the Commissioner voluntarily remanded this case without filing an opposing brief. But, she did that only after plaintiff's counsel

---

[2] In the first six months of this year, reported decisions in Westlaw show plaintiffs succeeding in the northern District of Illinois at a 2-to-1 rate.

was required to file a brief, and her review of the matter took eight months after plaintiff initially filed suit. The case was maintained by the Commissioner for 10 months since she initially denied review of the ALJ's decision, through her Appeals Council, on April 24, 2018. In the end, the plaintiff was kept waiting for his benefits for just over 5 years since he filed his application on April 14, 2015. In other words, this case never had to get to a motion for fees under Section 406(b) – or federal court – in the first place.

## CONCLUSION

For the foregoing reasons, the plaintiff's petition for fees pursuant to §406(b) [Dkt. # 30] is GRANTED, and the government shall pay $40,528.75 to plaintiff's counsel. Counsel shall refund $4,541.46 to plaintiff.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/13/20